UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-cr-00006 |
| | ) | Judge Campbell |
| EDWARD SHANNON POLEN | ) | |

**CONSENT ORDER OF FORFEITURE CONSISTING OF
$10,794,728.21 UNITED STATES CURRENCY MONEY JUDGMENTS AS TO
COUNTS TWO, SIX, SEVEN, NINE, TEN, AND TWELVE OF THE INFORMATION**

**THE COURT HEREBY FINDS:**

1. A Consent Order of Forfeiture consisting of $10,794,728.21 United States Currency Money Judgments as to Counts Two, Six, Seven, Nine, Ten and Twelve of the Information ("Consent Order") is appropriate pursuant to:

   a. the Court's acceptance of the Defendant Edward Shannon Polen's guilty plea and subsequent conviction as to Counts Two, Six, Seven, Nine, Ten and Twelve of the Information, for which the Government sought forfeiture of an amount not less than $8,796,000 representing the proceeds of the offenses of conviction pursuant to 18 U.S.C. § 982(a)(2) (Count Two); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Counts Two, Six, Seven, Nine, and Ten); and 18 U.S.C. § 982(a)(1) (Count Twelve);

   b. relevant and reliable evidence identified in the record, the written plea agreement dated December 10, 2012, evidence presented at the sentencing on December 19, 2013, and any additional evidence or information submitted by

       the parties, including the factual basis provided in the Plea Agreement and agreed to between the United States and Defendant Edward Shannon Polen;

  c.    Defendant Edward Shannon Polen's agreement in his plea agreement to a forfeiture in an amount representing the proceeds of the offenses of conviction;

  d.    the determination by the Court that the restitution Ordered in this case in the amount of $10,794,728.21 United States currency adequately represents the proceeds of the offenses of conviction; and

  e.    as proceeds of the offenses of conviction, the requisite nexus between the currency and the offenses of conviction is established;

  f.    the proceeds of the offenses of conviction cannot be located as a result of Defendant's acts or omission which caused the proceeds to be substantially diminished and placed beyond the jurisdiction of the court, or transferred to another party, and which therefore can no longer be found through the exercise of due diligence.

**THEREFORE IT IS HEREBY ORDERED:**

2.    Upon the entry of this Consent Order, the Secretary of the Treasury (or his designee) is authorized to seize the currency and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3).

3.    Pursuant to 18 U.S.C. §§ 982 and 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant shall forfeit to the United States the sum of $10,794,728.21 United States currency and this Consent Order of Forfeiture Consisting of $10,794,728.21 United States Currency

Money Judgments shall enter against the defendant as to each count of conviction. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order shall become final and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Should any count of conviction be set aside, this Consent Order stands uniquely and independently as to each remaining count of conviction.

4. Because neither the United States through the exercise of due diligence or Defendant have, as of this date, identified specific assets that were derived from the $10,794,728.21 in proceeds attributable to the offenses for which Defendant has been convicted, nor has the United States or Defendant yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p), then as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Consent Order to substitute property having a value not to exceed $10,794,728.21 United States currency to satisfy the Money Judgments in whole or in part.

5. The United States may engage in discovery pursuant to 28 U.S.C. §§ 3001(a)(1) and 3015, *et seq*. in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify substitute assets that may be forfeited to satisfy the Money Judgments in whole or in part. Should substitute assets be identified via the discovery process or otherwise, the United States may move at any time, pursuant to Fed. R.

CRIM. P., Rule 32.2(e)(1)(B), and 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), to amend the Order of Forfeiture to forfeit specific property of the Defendant, having a value up to the amount of the Money Judgments, as substitute assets.

5. This Consent Order against Defendant shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $10,794,728.21 United States currency plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

6. Upon the payment of the $10,794,728.21 United States currency in full, the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the Consent Order has been filed.

7. This Consent Order is in continuing and full effect until payment of the $10,794,728.21 is made in full.

8. All funds located through the forfeiture process shall be first applied to the restitution owed the victims in this case, and as long as the Defendant cooperates in locating assets, any restitution located will act to reduce the Consent Order.

9. Pursuant to FED.R.CRIM.P. 36, this Judgment acts as an amendment to the Judgment and Commitment and is incorporated therein by reference.

10. The Court shall retain jurisdiction to enforce this Consent Order and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

IT IS SO ORDERED this \_\_\_\_\_ day of _____, 2014.

_____
JUDGE CAMPBELL
UNITED STATES DISTRICT JUDGE

*Approved as to form and content:*

Attorney for the United States of America:

*/s/John K. Webb*
John K. Webb
Office of the United States Attorney (MDTN)
110 Ninth Avenue, South
Suite A-961
Nashville, TN 37203-3870
(615) 736-5151

Attorney for Defendant Edward Shannon Polen:

*/s/Patrick G. Frogge*
Patrick G. Frogge
Bell, Tennent & Frogge, PLLC
Bank of America Plaza
414 Union Street
Suite 904
Nashville, TN 37219
(615) 244-1110